1  KEITH E. BUTLER, ESQ. (SBN 200496)
   CIPRIAN DOGARU, ESQ. (SBN 220556)
2  FORAN GLENNON PALANDECH PONZI & RUDLOFF PC
   450 Newport Center Drive, Suite 630
3  Newport Beach, CA 92660
   Telephone: (949) 791-1060
4  Facsimile: (949) 791-1070

5  Attorneys for Defendant Bankers Standard Insurance Company

6

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11 | PAUL RESNICK an individual;          | Case No.
12 | VICTORIA RESNICK, an individual      | **NOTICE OF REMOVAL UNDER 28 U.S.C. § 1441 (DIVERSITY)**
13 |       Plaintiffs,                    |
                                          | Action Filed:    July 27, 2015
14 | vs.                                  |
15 |                                      |
   | BANKERS STANDARD                     |
16 | INSURANCE COMPANY,                   |
17 |       Defendants.                    |
18

19       TO THE CLERK OF THE COURT AND THE PARTIES THROUGH
20 THEIR ATTORNEYS OF RECORD:
21       PLEASE TAKE NOTICE THAT Defendant Bankers Standard Insurance
22 ("Bankers Standard") hereby removes to this Court the state court action described
23 below. Removal is warranted under 28 U.S.C. § 1441(a) and (b) because this is a
24 diversity action over which this Court has original jurisdiction under 28 U.S.C. §
25 1332.

26

27

28

## BANKERS STANDARD HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

1. Plaintiffs Paul and Victoria Resnick filed the above captioned action on July 27, 2015 but did not serve the Complaint on Bankers until August 24, 2015. The Complaint was filed in the Superior Court of the State of California for the County of Los Angeles – Central District. A true and correct copy of the Complaint and Proof of Service is attached as Exhibit A.

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest, and is between citizens of different states.

3. The Court may consider evidence relevant to the amount in controversy at the time of removal when the amount is unclear from the face of the Complaint. Lamke v. Sunstate Equipment Co., LLC 319 F.Supp.2d 1029, 1032 (2004).

4. Although paragraph 35 of the Complaint does not provide an amount in dispute but, rather, simply alleges a damage amount "in excess of $50,000," the amount in dispute for the alleged breach of contract in this lawsuit is actually just over $150,000. (See Exhibit B - Declaration of Douglas Smith, Complex Claims Specialist with ACE Private Risk Services, attaching a copy of the claim submitted by Plaintiffs for the mahogany wood.)

5. The amount in dispute is further evidenced in a June 24, 2015 letter sent by Plaintiffs' counsel to the claims examiner for Bankers Standard demanding $150,570.04 as the unpaid portion of their insurance claim. (See Exhibit B – declaration of Douglas Smith, Complex Claims Specialist with ACE Private Risk Services, attaching a true and correct copy of a demand letter sent by counsel for Plaintiffs.)

6. Moreover, although resolution of the removal issue does not turn on the punitive damage claim, Bankers Standard notes that in paragraph 55 of their Complaint, Plaintiffs Paul and Victoria Resnick also allege an additional and

undisclosed amount for alleged breach of the covenant of good faith and fair dealing wherein punitive damages are sought. Punitive damage claims arising out alleged breach of the covenant of good faith and fair dealing are included in calculating the amount in controversy. Id.

7.  Bankers Standard is, and at the time of the filing of this action was, a corporation organized under the laws of the State of Pennsylvania with its principal place of business in Philadelphia, Pennsylvania.

8.  Upon information and belief and based on the allegations in the Complaint, Plaintiffs Paul and Victoria Resnick are, and at the time of the filing of this action were, residents and citizens of and domiciled in the State of California.

9.  As Plaintiffs Paul and Victoria Resnick are alleged to be a residents and citizens of and domiciled in the State of California, and the Defendant is not a domiciled in California, this is an action between citizens of different states and complete diversity exists pursuant to 28 U.S.C. §1332(a).

10.  The subject lawsuit involves a first-party property insurance coverage dispute over certain alleged damage that occurred at the residential property of Plaintiffs Paul and Victoria Resnick located at 402 Windsor Boulevard, Los Angeles, California.

11.  Plaintiffs Paul and Victoria Resnick seek an amount in controversy in excess of $150,000, exclusive of costs and interest. Plaintiffs Paul and Victoria Resnick allege that they suffered a water loss to their residence as a result of a burst pipe. Although Bankers paid Plaintiffs Paul and Victoria Resnick over $190,000 for claimed damage, a dispute has arisen with regard to claimed damage to "exotic mahogany wood" in the lower level of the home. Plaintiffs Paul and Victoria Resnick allege that the "exotic mahogany wood could no longer be matched" after the water damage and that replacement was the only option while Bankers had informed them that the wood could be matched. Plaintiffs Paul and Victoria Resnick further allege that they were erroneously denied coverage for replacement

of the "exotic mahogany wood" under the insurance policy for the damage, and that the claim was investigated and adjusted in bad faith. Plaintiffs Paul and Victoria Resnick assert causes of action for breach of contract, breach of the covenant of good faith and fair dealing, and unfair business practices.

12. Venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

13. The notice of removal is timely filed in accordance with 28 U.S.C. § 1446(b), which provides that a notice of removal shall be filled within thirty days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading. Bankers Standard was served with a copy of the Summons and Complaint on August 24, 2015. Thus, the filing of this notice of removal on September 23, 2015 is within the 30 days provided by 28 U.S.C. §1446(b).

14. Aside from the Complaint, the only pleading filed in this matter was Defendant Bankers Standard's Answer and Affirmative Defenses. A copy of the Answer and Affirmative Defenses is attached as Exhibit "C".

15. Pursuant to 28 U.S.C. §1446(b), a copy of this notice of removal is being served on counsel for Plaintiffs Paul and Victoria Resnick, and a copy is being filed with the Clerk of the Court for the Superior Court of the State of California for the County of Los Angeles – Central District.

16. Therefore, Bankers Standard respectfully removes this action from the Superior Court of the State of California for the Count of Los Angeles to this Court, pursuant to 28 U.S.C. § 1441.

Dated: September 23, 2015  FORAN GLENNON PALANDECH PONZI
                                       & RUDLOFF PC

By:    /s/   Keith Butler
KEITH E. BUTLER, ESQ.
CIPRIAN DOGARU, ESQ.
Attorneys for Defendant
Bankers Standard Insurance Company

# AFFIDAVIT AND DECLARATION OF PROOF OF SERVICE

I am over the age of eighteen years and not a party to the within action. I am employed by Foran Glennon Palandech Ponzi & Rudloff PC, whose business address is 450 Newport Center Drive, Suite 630, Newport Beach, California 92660 ("the firm").

On September 23, 2015, I served the within document(s) described as: **NOTICE OF REMOVAL UNDER 28 U.S.C. § 1441 (DIVERSITY)** on the interested parties in this action by placing true copy(ies) thereof enclosed in sealed envelope(s) addressed as follows:

● **BY MAIL** (Code Civ. Proc. §§ 1013a(3))–I deposited such envelope(s) for processing in the mail room in our offices. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Newport Beach, California, in the ordinary course of business. I am aware that on motion of a party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

**BY OVERNIGHT MAIL** (Code Civ. Proc. § 1013(c))–I placed said envelope(s) for collection by ***Federal Express***, following ordinary business practices, at the business offices of Foran Glennon Palandech Ponzi & Rudloff PC for collection and processing of correspondence with said overnight mail service, and said envelope(s) will be deposited with said overnight mail service on said date in the ordinary course of business.

I am "readily familiar" with the firm's practice of collection and processing of correspondence for service with said overnight mail service. It is deposited with said overnight mail service on that same day in the ordinary course of business. I am aware that, on motion of a party served, service is presumed invalid if the said overnight delivery service cancellation date or delivery date on the overnight delivery service is more than one day after the date of deposit with said overnight delivery service contained in this affidavit.

**BY E-MAIL OR ELECTRONIC TRANSMISSION** (Code Civ. Proc. § 1010.6(a)(6))–Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

**(Federal Courts Only)** I declare that I am employed in the office of a member of this court at whose direction this service was made.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on September 23, 2015, at Newport Beach, California.

*/s/ Celia M. Camacho*
CELIA M. CAMACHO

# SERVICE LIST

*Paul Resnick an individual, et al. vs. Bankers Standard Insurance Company, et al.*
Los Angeles County Superior Court, Case No. BC531931

| | |
|---|---|
| Michael Childress, Esq. (to be admitted pro hac vice)<br>Thomas J. Loucks, Esq. (to be admitted pro hac vice)<br>Scott Green, Esq. (to be admitted pro hac vice)<br>CHILDRESS DUFFY, LTD.<br>500 North Dearborn St., #1200<br>Chicago, IL 60654<br><br>Telephone: (312) 494-9365<br><br>Email:<br>mchildress@childresslawyers.com<br>tloucks@childresslawyers.com<br>sgreen@childresslawyers.com<br><br>Richard L. Kellner, Esq.<br>KABATECK BROWN KELLNER LLP<br>644 S. Figueroa Street<br>Los Angeles, CA 90017<br><br>Telephone: (213) 217-5000<br>Facsimile: (213) 217-5010<br><br>Email: rlk@kbklawyers.com | Attorneys for Plaintiffs PAUL RESNICK AND VICTORIA RESNICK. |

NOTICE OF REMOVAL UNDER 28 U.S.C. § 1441(B)